UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS McCLURG,

    Plaintiff,

v.                                     CAUSE NO. 3:21-CV-213 DRL-MGG

STARKE COUNTY JUSTICE CENTER *et al.*,

    Defendants.

OPINION AND ORDER

Travis McClurg, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. McClurg alleges that on December 16, 2020, his criminal attorney sent an email to the jail commander at the Starke County Justice Center to schedule a Zoom video conference. By January 21, 2021, Mr. McClurg still had not had an opportunity to meet with his attorney and submitted an inmate grievance form stating that he received legal mail from his attorney informing him that there had been several attempts to schedule a

Zoom conference through email and voicemail, but all attempts received no response. Mr. McClurg alleges that by March 22, 2021, when he filed this complaint, he still had not received a response to his grievance. The docket reflects that Mr. McClurg was released from the jail in August. ECF 4. He sues the Stark County Justice Center and the jail commander for monetary damages.

The complaint raises two potential claims: a violation of an inmate's First Amendment right to communicate and a denial of access to the courts.[1] However, under either theory, the complaint does not state a claim upon which relief may be granted.

Prisoners have a First Amendment right to communicate with individuals outside the prison, but it is not an unqualified right. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).

> A prison policy decision that impinges on an inmate's constitutional rights does not violate the Constitution if the decision is reasonably related to legitimate penological interests. The Supreme Court has set forth four factors for the Court to consider in making this determination:
> (1) whether there was a rational connection between the decision to deny [access to Zoom calls] and the legitimate penological interest put forward to justify the denial;
> (2) whether alternative means of exercising the right remained open to the plaintiffs;
> (3) what impact accommodation of the asserted right would have on guards and other inmates; and
> (4) whether obvious, easy alternatives existed to accommodate the plaintiffs' rights at de minimis cost to valid penological interests, tending to show that the denial was an exaggerated response to prison concerns.

---

[1] Although criminal defendants have certain rights to an attorney under the Sixth Amendment, the Sixth Amendment is not implicated here. Sixth Amendment protections apply at "critical stages" of a criminal prosecution. *See Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). There is no indication that any critical stage of Mr. McClurg's criminal proceeding occurred during this time, and therefore the contours of his right to communicate with his attorney is better analyzed under his right to access the courts.

*Nigl v. Litscher*, 940 F.3d 329, 333 (7th Cir. 2019) (quotation marks, citations, and footnote omitted) (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)). For example, the Supreme Court upheld restrictions on prisoner's face-to-face interviews with the media based on the prison's security concerns, noting "[s]o long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved, we believe that, in drawing such lines, prison officials must be accorded latitude." *Pell v. Procunier*, 417 U.S. 817, 826 (1974) (quotation marks omitted). Similarly, this circuit has expressed doubt that a prisoner's First Amendment right to communicate with others outside the prison "amounts to an unqualified right for a prisoner to have access to a telephone." *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003) (citing *Arsberry v. Illinois*, 244 F.3d 558, 564-65 (7th Cir. 2001)).

Here, there is no indication whether this was the result of an intentional decision by the jail to deny Mr. McClurg a Zoom conference with his attorney or simple inadvertence. Under either scenario, however, all avenues of communication with his attorney were not foreclosed. The attachments to the complaint show that he was able to communicate with his attorney via mail. Mr. McClurg also does not claim that phone conversations were foreclosed. Without more, the complaint does not plausibly allege a First Amendment violation.

Turning to the other potential claim, prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291

3

(7th Cir. 2004). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351, (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. McClurg alleges that neither he nor his attorney received a response from the jail commander about setting up a Zoom video conference so that they could discuss his case. Though prisoners have the right to access the courts, there is no indication that the delay in communicating with his attorney affected his criminal case in any way. This lack of prejudice forecloses a claim based on denial of access to the court.

Further, prisoners' right to access the court to challenge unlawful convictions and seek redress for violations of their constitutional rights means that "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys. Regulations and practices that unjustifiably obstruct the availability of professional representation or

4

other aspects of the right of access to the courts are invalid." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled in part on other grounds, Thornburgh v. Abbott*, 490 U.S. 401 (1989).

Here, there is no indication that Mr. McClurg was denied reasonable opportunity to receive the assistance of his attorney or that there were regulations or practices that prevented him from receiving professional representation. As previously discussed, Mr. McClurg was able to send and receive legal mail to and from his attorney and does not claim that he was denied access to the telephone or other avenues of communication. Thus, Mr. McClurg has not stated a claim upon which relief may be granted.

As a final matter, Mr. McClurg sues the Starke County Justice Center. Although that is where these events occurred, the jail is a building, not an individual or even a policymaking unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). Therefore, the Starke County Justice Center must be dismissed.

This complaint does not state a claim for which relief may be granted. Nevertheless, Mr. McClurg may file an amended complaint if he believes he can state a claim based on the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to properly complete the

5

court-approved prisoner complaint form addressing the issues raised in this order and send it to the court.

For these reasons, the court:

(1) DISMISSES the Starke County Justice Center;

(2) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Travis McClurg;

(3) GRANTS Travis McClurg until **October 27, 2021**, to file an amended complaint; and

(4) CAUTIONS Travis McClurg if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 27, 2021  *s/ Damon R. Leichty*
Judge, United States District Court